UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X
PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE COMPANY
and PENNSYLVANIA MANUFACTURERS
INDEMNITY COMPANY,

                    Plaintiffs,

  -against-

NATIONAL HEALTH CARE ASSOCIATES, INC.
and NATIONAL FIRE & MARINE INSURANCE
COMPANY,

                   Defendants.
------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Plaintiffs PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY and PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY, by and through their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for a Complaint, alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiffs PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY and PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY (hereinafter referred to as "PMAIC" and "PMIC," respectively and collectively as the "Plaintiffs") seek a declaration that they are not obligated to defend and indemnify Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. ("NATIONAL HEALTH CARE") in the underlying lawsuit of *Raquel Charles, Administrator of the Estate of Elissbeth Donai v. Riverside Health Care Center, et. al.,* which is presently pending in the Superior Court of Connecticut, Judicial District of Hartford (the "Charles Lawsuit").

## THE PARTIES

2. That at all times hereinafter mentioned, Plaintiff PMAIC was and is a Pennsylvania corporation with a principal place of business in Blue Bell, Pennsylvania.

3. That at all times hereinafter mentioned, Plaintiff PMIC was and is a Pennsylvania corporation with a principal place of business in Blue Bell, Pennsylvania.

4. That at all times hereinafter mentioned, Defendant NATIONAL HEALTH CARE was and still is a Connecticut corporation with its principal place of business in Valley Stream, New York.

5. That at all times hereinafter mentioned, Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY ("NFMIC") was and still is an insurance company with its principal place of business in Omaha, Nebraska.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

7. Venue of this action in the United States District Court for the District of Connecticut is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant is incorporated and where a substantial part of the events giving rise to this action occurred.

## THE INSURANCE POLICIES

8. Plaintiff PMAIC issued a Workers Compensation and Employers Liability Insurance Policy to Defendant NATIONAL HEALTH CARE, bearing policy number 201900-06-86-24-6B, for the policy period of November 1, 2019 to November 1, 2020 (the "National Health Care Policy").

9. That the National Health Care Policy provides:

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

\*\*\*

**GENERAL SECTION**

**A.    The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B.    Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnerships employees.

10. That the National Health Care Policy further provides for the following coverage:

**PART TWO
EMPLOYERS LIABILITY INSURANCE**

**A**.    **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employees employment by you.
2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3. Bodily injury by accident must occur during the policy period.
4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employees last day

3

           of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions or Canada.

    B. **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

***

    D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

11. That Plaintiff PMIC issued a Workers Compensation and Employers Liability Insurance Policy to non-party Riverside Health and Rehabilitation Center, bearing policy number 201900-06-86-25-3, for the policy period of November 1, 2019 to November 1, 2020 (the "Riverside Policy").

12. That the Riverside Policy provides:

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

***

**GENERAL SECTION**

A.  **The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

B.  **Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnerships employees.

13.   That the Riverside Policy further provides for the following coverage:

**PART TWO**
**EMPLOYERS LIABILITY INSURANCE**

A.  **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.  The bodily injury must arise out of and in the course of the injured employees employment by you.
2.  The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3.  Bodily injury by accident must occur during the policy period.
4.  Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employees last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
5.  If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions or Canada.

5

B. **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

***

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

14. That upon information and belief, NFMIC issued a claims made general liability policy, bearing number NSC100602, for the policy period of January 1, 2020 to January 1, 2021 (the "NFMIC Policy").

15. That upon information and belief NATIONAL HEALTH CARE qualifies as an insured under the NFMIC Policy.

16. That upon information and belief the NFMIC Policy also provides professional liability coverage to, *inter alia*, NATIONAL HEALTH CARE.

17. That upon information and belief the professional liability insuring agreement to the NFMIC Policy provides for the following coverage:

A. PROFESSIONAL LIABILITY

1. Claims-Made and Reported:
If "Claims-Made and Reported" is shown on the Declarations with respect to this Coverage Part, the following provisions apply:
a. The **company** will pay on behalf of any **insured** all **loss** and **claims expense**, subject to any applicable

      Deductible or Self-Insured Retention, and up to the Limits of Liability shown on the Declarations with respect to this Coverage Part, arising from a **health care event** that took place on or after the applicable Retroactive Date shown on the Declarations. Moreover, to be covered under this policy, the **loss** or **claims expense** must arise from:

  (1) a **claim** that was first made against, and received by, an **insured** during the **policy period**, and reported to the **company**, in writing, during the **policy period** or within any applicable **extended reporting period**; or

  (2) a **potential claim** that was first known about or discovered by an **insured** during the **policy period**, and reported to the **company**, in writing, during the **policy period** or within the automatic limited **extended reporting period**.

 b. All **claims** and **potential claims** for damages arising out of, or in connection with the same **health care event** will be deemed to have been first made on the date that the first of those **claims** is made against any **insured**, or the date the first

18. That upon information and belief, the general liability insuring agreement to the NFMIC Policy provided for the following coverage:

 A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

  1. Claims-Made and Reported
  If "Claims-Made and Reported" is shown on the Declarations with respect to this Coverage Part, the following provisions apply:
  a. The **company** will pay on behalf of any **insured** all **loss** and **claims expense**, subject to any applicable Deductible or Self-Insured Retention, and up to the Limits of Liability shown on the Declarations with respect to this Insuring Clause, arising from an **event** resulting in **bodily injury** or **property damage** that took place on or after the applicable retroactive date shown on the Declarations. Moreover, to be covered under this policy, the **loss** or **claims expense** must arise from:

7

      (1)    a **claim** that was first made against, and received by, an **insured** during the **policy period**, and reported to the **company**, in writing, during the **policy period** or within any applicable **extended reporting period**; or

      (2)    a **potential claim** that was first known about or discovered by an **insured** during the **policy period**, and reported to the **company**, in writing, during the **policy period** or within the automatic limited **extended reporting period**.

  b.    All **claims** and **potential claims** for damages arising out of, or in connection with, **bodily injury** to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from **bodily injury**, will be deemed to have been first made on the date that the first of those **claims** is made against any **insured**, or the date the first of such **potential claims** is discovered by an **authorized insured**, whichever date is earlier…

19. That upon information and belief, NFMIC issued a claims made excess policy of insurance, bearing policy number ENSC100602, for the policy period of January 1, 2020 to January 1, 2021 (the "NFMIC Excess Policy").

20. That upon information and belief, NATIONAL HEALTH CARE qualifies as an insured under the NFMIC Excess Policy.

21. That upon information and belief, the NFMIC Excess Policy follows the form of the NFMIC Policy.

## THE CHARLES LAWSUIT

22. That the Charles Lawsuit was commenced on or about May 31, 2021 with the filing of a Summons and Complaint, a copy of which is annexed hereto as Exhibit "A."

23. That the Complaint to the Charles Lawsuit (the "Charles Complaint") alleges that at all relevant times, Elissabeth Donai ("Donai") was "employed as a Certified Nursing Aide (CNA) by Riverside Health Care Center, Inc." *Id. at* ¶3.

24. That the Charles Complaint alleges that "[a]t all times pertinent hereto, Riverside Health Care Center, Inc. employed [Donai] when they intentionally created and exposed her to a dangerous workplace condition involving exposure to the COVID-19 virus which would make [Donai]'s injuries substantially certain to occur and are therefore liable for her death." *Id.* at ¶6.

25. That the Charles Complaint further alleges that on or about April 17, 2020, Donai was admitted to Manchester Memorial Hospital after "unknowingly caring for COVID-19 patients in unprotected fashion at Riverside Health Care Center, Inc." *Id. at* ¶9.

26. That the Charles Complaint alleges that on April 27, 2021, Donai "expired due to respiratory failure secondary to COVID-19." *Id. at* ¶15.

27. That the Charles Complaint asserts a single cause of action against Riverside for wrongful death and a separate, single cause of action against Defendant NATIONAL HEALTH CARE for wrongful death.

28. That Plaintiff PMAIC has denied any obligation to provide Defendant NATIONAL HEALTH CARE with insurance coverage under the National Health Care Policy with respect to the Charles Lawsuit.

29. That Plaintiff PMIC has denied any obligation to provide Defendant NATIONAL HEALTH CARE with insurance coverage under the Riverside Policy with respect to the Charles Lawsuit.

30. That Plaintiff PMAIC has agreed to provide Defendant NATIONAL HEALTH CARE with a courtesy defense in the Charles Lawsuit, under a complete reservation of rights.

31. That Plaintiffs have now commenced this litigation for a declaration that they have no obligation to provide Defendant NATIONAL HEALTH CARE with a defense and/or indemnification in the Charles Lawsuit under their respective policies.

### AS AND FOR A FIRST CAUSE OF ACTION
### (NO COVERAGE UNDER THE NATIONAL HEALTH CARE POLICY)

32. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "31" as if set forth more fully at length herein.

33. That the National Health Care Policy provides coverage for "bodily injury", which includes "resulting death", that "arise[s] out of and in the course of the injured employees employment by you."

34. That the National Health Care Policy defines "you" as "the employer named in Item 1 of the Information Page."

35. That item 1 of the Information Page to the National Health Care Policy provides:

> ITEM 1. NAMED INSURED AND MAILING ADDRESS
> NATIONAL HEALTHCARE ASSOCIATES
> 20 EAST SUNRISE HIGHWAY 2ND FL
> VALLEY STREAM NY 11581

36. That the Charles Complaint alleges that Donai was "employed" by Riverside.

37. That the Charles Complaint does not allege that Donai was an employee of Defendant NATIONAL HEALTH CARE.

38. That since the Charles Complaint fails to allege that Donai was employed by Defendant NATIONAL HEALTH CARE at the time of her bodily injury, there is no coverage afforded to Defendant NATIONAL HEALTH CARE under the National Health Care Policy.

39. That Plaintiffs are entitled a declaration from this Court that PMAIC is not obligated to defend and/or indemnify Defendant NATIONAL HEALTH CARE in the Charles Lawsuit.

40. That an actual and justiciable controversy exists between the parties as to coverage afforded under the National Health Care Policy.

41. That Plaintiffs have no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
### (NO COVERAGE UNDER THE RIVERSIDE POLICY)

42. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "41" as if set forth more fully at length herein.

43. That the Riverside Policy provides coverage for "bodily injury", which includes "resulting death", that "arise[s] out of and in the course of the injured employees employment by you."

44. That the Riverside Policy defines "you" as "the employer named in Item 1 of the Information Page."

45. That item 1 of the Information Page to the Riverside Policy provides:

> ITEM 1. NAMED INSURED AND MAILING ADDRESS
> RIVERSIDE HEALTH AND REHABILITATION CENTER
> 745 MAIN ST
> EAST HARTFORD CT 06108-3115

46. That the Riverside Policy does not identify Defendant NATIONAL HEALTH CARE as an insured or additional insured under its policy.

47. That the Riverside Policy does not afford Defendant NATIONAL HEALTH CARE with insurance coverage.

48. That Plaintiffs are entitled a declaration from this Court that PMIC has no obligation to defend and/or indemnify Defendant NATIONAL HEALTH CARE in the Charles Lawsuit.

49. That an actual and justiciable controversy exists between the parties as to coverage afforded under the Riverside Policy.

50. That Plaintiffs have no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION
### (RELIEVING PLAINTIFF PMAIC FROM DEFENDING THE CHARLES LAWSUIT)

51. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "50" as if set forth more fully at length herein.

52. That Defendant NATIONAL HEALTH CARE does not qualify for coverage under the National Health Care Policy.

53. That Defendant NATIONAL HEALTH CARE does not qualify for coverage under the Riverside Policy.

54. That as a result, Plaintiff PMAIC has no obligation to provide Defendant NATIONAL HEALTH CARE with a defense in the Charles Lawsuit.

55. That as a result, Plaintiff PMIC has no obligation to provide Defendant NATIONAL HEALTH CARE with a defense in the Charles Lawsuit.

56. That Plaintiffs are entitled to a declaration relieving Plaintiff PMAIC from providing Defendant NATIONAL HEALTH CARE with a defense in the Charles Lawsuit.

57. That an actual and justiciable controversy exists between the parties as to coverage afforded under the National Health Care Policy.

58. That Plaintiffs have no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (DECLARING THAT DEFENDANT NFMIC IS OBLIGATED TO PROVIDE DEFENDANT NATIONAL HEALTH CARE WITH A <u>DEFENSE AND INDEMNIFICATION IN THE CHARLES LAWSUIT</u>)

59. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "58" as if set forth more fully at length herein.

60. That notice of the Charles Lawsuit was timely and properly provided to Defendant NFMIC.

61. That in said notice a demand was made that NFMIC provide Defendant NATIONAL HEALTH CARE with a defense and indemnity in the Charles Lawsuit.

62. That Defendant NFMIC has denied any obligation to provide a defense and indemnification to Defendant NATIONAL HEALTH CARE under the NFMIC Policy or the NFMIC Excess Policy (collectively, the "NFMIC Policies") and has otherwise failed to perform or acknowledge its obligation as insurer to Defendant NATIONAL HEALTH CARE thereby being obligated to defend and indemnify Defendant NATIONAL HEALTH CARE from and against the claims asserted in the Charles Lawsuit.

63. That the coverage which Defendant NFMIC is obligated to provide applies to each and every aspect of the claims asserted in the Complaint to the Charles Lawsuit.

64. That as an insured to the NFMIC Policies, Defendant NATIONAL HEALTH CARE is entitled to a defense from Defendant NFMIC of the allegations contained in the Complaint in the Charles Lawsuit.

65. That as an insured on the NFMIC Policies, Defendant NATIONAL HEALTH CARE is entitled to complete indemnification from Defendant NFMIC of the allegations contained in the Complaint in the Charles Lawsuit.

66. That by virtue of the underlying allegations of Complaint in the Charles Lawsuit, the coverage and defense obligations owed to Defendant NATIONAL HEALTH CARE were triggered, and Defendant NFMIC owes Defendant NATIONAL HEALTH CARE a defense and indemnity.

67. That the failure of Defendant NFMIC to defend and indemnify Defendant NATIONAL HEALTH CARE in the Charles Lawsuit constitutes a breach of its obligations to Defendant NATIONAL HEALTH CARE who are entitled to insurance under the NFMIC Policies.

68. That as a result of Defendant NFMIC's breach of its contractual obligations to Defendant NATIONAL HEALTH CARE, Plaintiffs have been harmed in that Plaintiff PMAIC has been forced to provide Defendant NATIONAL HEALTH CARE with a defense in the Charles Lawsuit.

69. Defendant NFMIC is in breach of the express terms and conditions of the NFMIC Policies and its obligations to Defendant NATIONAL HEALTH CARE under its insurance contracts.

70. That as a result of the foregoing, Defendant NATIONAL HEALTH CARE is entitled to defense and indemnification, including indemnification for all expenses, damages and any verdict or settlement in the Charles Lawsuit which may arise from the prosecution of same.

71. That a real, actual and justiciable controversy exists between Plaintiffs and Defendant NFMIC herein.

72. Plaintiffs have no adequate remedy at law.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(DECLARING THAT PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF ATTORNEYS FEES AND EXPENSES IN THE DEFENSE OF THE CHARLES LAWSUIT FROM DEFENDANT NFMIC)**

73. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "72" as if set forth more fully at length herein.

74. That notice of the Charles Lawsuit was timely and properly provided to Defendant NFMIC.

75. That in said notice a demand was made that NFMIC provide Defendant NATIONAL HEALTH CARE with a defense and indemnity in the Charles Lawsuit.

76. That Defendant NFMIC has wrongfully denied any obligation to provide Defendant NATIONAL HEALTH CARE with insurance coverage under the NFMIC Policies.

77. That as a result of Defendant NFMIC's refusal to provide Defendant NATIONAL HEALTH CARE with a coverage in the Charles Lawsuit, in breach of its policy obligations to Defendant NATIONAL HEALTH CARE, Plaintiff PMAIC has incurred, and continues to incur, attorneys' fees and expenses in defending Defendant NATIONAL HEALTH CARE in the Charles Lawsuit.

78. That as a result of Defendant NFMIC's breach of its policy obligations, Plaintiff PMAIC has suffered and continues to suffer damages as a result thereof.

79. Defendant NFMIC's failure to satisfy its obligations under the NFMIC policies and afford Defendant NATIONAL HEALTH CARE with insurance coverage in the Charles Lawsuit has resulted in, and continues to result in, damages to Plaintiff PMAIC, including but not limited to the cost of defending the Charles Lawsuit.

80. Plaintiffs are entitled to judgment declaring that Defendant NFMIC is obligated to defend Defendant NATIONAL HEALTH CARE in the Charles Lawsuit, pursuant to the terms of the NFMIC Policies.

81. Based upon the foregoing, Plaintiffs are entitled to an order declaring that Defendant NFMIC must reimburse Plaintiff PMAIC for all past and future defense costs and attorneys' fees expended in the defense of Defendant NATIONAL HEALTH CARE in the Charles Lawsuit, as well as damages, verdicts, judgments, costs, fees, penalties and/or expenses of any kind that Plaintiffs may incur or become legally obligated to pay as a result of the Charles Lawsuit.

82. That an actual and justiciable controversy exists between the parties as to coverage afforded under the NFMIC Policies.

83. That Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY and PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY, prays that judgment be entered as follows:

   a. Declaring that the National Health Care Policy issued by Plaintiff PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY to Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. does not afford Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. coverage for the Charles Lawsuit;

   b. Declaring that the Riverside Policy issued by Plaintiff PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY to non-party Riverside Health and Rehabilitation Center does not afford Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. coverage for the Charles Lawsuit;

   c. Declaring that Plaintiff PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY is not obligated to defend and indemnify Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. in the Charles Lawsuit;

  d. Declaring that Plaintiff PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY is not obligated to defend and indemnify Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. in the Charles Lawsuit; and

  e. Declaring that Plaintiff PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY can be relieved from providing Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. with a defense in the Charles Lawsuit;

  f. Declaring that Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY is obligated to provide Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. with a defense and indemnification in the Charles Lawsuit;

  g. Declaring that Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY is obligated to reimburse Plaintiff PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY for all attorneys' fees and expenses incurred in the defense of Defendant NATIONAL HEALTH CARE ASSOCIATES, INC. in the Charles Lawsuit; and

  h. For such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
    July 12, 2022

              MILBER MAKRIS PLOUSADIS
              & SEIDEN, LLP

              BY: _____
               ANDREW F. PISANELLI - AP8176
              Attorneys for Plaintiff
              1000 Woodbury Road, Suite 402
              Woodbury, New York 11797
              (516) 712-4000
              File No.: 1534-22200
              APisanelli@milbermakris.com